## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ANGEL GARCIA

      Plaintiff(s),

    v.

FLOORS & CABINETS OUTLET INC,
et al.

      Defendant(s).

2:25−cv−07651−DSF−RAO

ORDER TO SHOW CAUSE

The Complaint filed in this action asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12010-12213, and a claim for damages pursuant to California's Unruh Civil Rights Act (Unruh Act), Cal. Civ. Code §§ 51-53. It appears that the Court possesses only supplemental jurisdiction over the Unruh Act claim, and any other state law claim that plaintiff may have alleged pursuant to the Court's supplemental jurisdiction. See 28 U.S.C. § 1367(a).

The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997) (emphasis added) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

California has a statutory regime to address "high-frequency litigants" bringing construction-related disability access claims. This includes specific pleading requirements and a higher filing fee for litigants who meet certain criteria. See Cal. Civ. Code § 55.31(b); Cal. Civ. Proc. Code § 425.50; Cal. Civ. Proc. Code § 425.55; Cal. Gov't Code § 70616.5. Numerous district courts have found that this California legislative attempt to regulate the prosecution of disability access cases by certain high-frequency plaintiffs provides "compelling reasons" and constitutes an "exceptional circumstance" justifying the decline of supplemental jurisdiction over disability state law claims in certain cases. This approach has been upheld by the Ninth Circuit multiple times. See Vo v. Choi, 49 F.4th 1167 (9th Cir. 2022); Arroyo v. Rosas, 19 F.4th 1202 (9th Cir. 2021).

      The Court therefore orders plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim and any other state law claim asserted in the Complaint. <u>See</u> 28 U.S.C. § 1367(c). In responding to this Order to Show Cause, plaintiff shall identify the amount of statutory damages plaintiff seeks to recover. Plaintiff and plaintiff's counsel shall also support their responses to the Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Civil Procedure Code sections 425.55(b)(1) & (2).

      Plaintiff shall file a response to this Order to Show Cause by no later than September 24, 2025 . Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the dismissal of the entire action without prejudice or the Court declining to exercise supplemental jurisdiction over the Unruh Act and other state law claims, if any, and the dismissal of any such claims pursuant to 28 U.S.C. § 1367(c).

      IT IS SO ORDERED.


Date:  September 10, 2025

_____

Dale S. Fischer
United States District Judge